UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COMCAST OF ILLINOIS X, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:06MC675-DJS |
| | ) | |
| MULTIVISION ELECTRONICS, INC. and | ) | |
| RONALD J. ABBOUD, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This motion is now before the Court on the motion of plaintiff Comcast "for a Rule to Show Cause" against the law firm of Schmiedeskamp, Robertson, Neu & Mitchell (hereafter "SRNM"), which is in the nature of a motion for contempt. The issue raised is the propriety of SRNM's invocation of attorney-client privilege to justify its redactions on two pages of documents it produced in response to plaintiff's subpoena. Plaintiff seeks information to assist in its efforts to execute on the judgment it received against SRNM's client, Ronald Abboud, in the United States District Court for the District of Nebraska. SRNM was retained by Abboud after the entry of that judgment, in connection with an appeal to the United States Court of Appeals for the Eighth Circuit, and for legal counsel with respect to the protection of Abboud's assets from collection on the judgment. The redactions were made on an SRNM Escrow Deposit Record concerning Abboud's payments of

attorney's fees, and on a cashier's check for attorney's fees payable to SRNM counsel. An unredacted copy of the two pages has been submitted ex parte for the Court's review in camera in connection with the instant motion.

On both pages, SRNM has redacted the issuer of the cashier's check. Acknowledging that general fee information is not privileged, SRNM argues that the legal advice exception applies to justify the redactions:

> Plaintiff seeks to discover the source of Abboud's funds for payment to his attorneys...The sole reason that Plaintiff seeks this information is to identify what assets Abboud has available for purposes of Plaintiff's collection proceedings in the Nebraska court...[T]here is a strong probability that revelation of the source of payment of Abboud's legal expenses would also reveal, among other things, the nature and extent of Abboud's assets for collection by Plaintiff, which SRNM was specifically hired to defend against.

SRNM's Memo. in Opp. [Doc. #12], p. 6. SRNM contends that the information that would be revealed concerning available asset sources of Abboud is "the very same information that Abboud communicated to SRNM in confidence with respect to SRNM's representation of Abboud in the collection proceedings" and is therefore "subject to the attorney-client privilege, at least insofar as the information is in the possession of SRNM, Abboud's attorneys." Id. at 7.[1]

---

[1] Along with the unredacted copy of the pages at issue, the Court permitted the filing, ex parte and under seal, of an affidavit of an SRNM attorney in which he offers additional explanation of the confidential communications claimed as relevant to the privilege issue. The filing in that manner was permitted so

2

The Court recognizes that ordinarily fee arrangements between client and counsel and the logistics of the payments involved are not matters to which attorney-client privilege attaches, as they are not deemed to be communicative. See, e.g., U.S. v. Sindel, 53 F.3d 874, 876 (8th Cir. 1995); Ralls v. United States, 52 F.3d 223, 225 (9th Cir. 1995); Securities & Exchange Commission v. First Security Bank, 447 F.2d 166, 167 (10th Cir. 1971); Harris v. United States, 413 F.2d 316, 319-20 (9th Cir. 1969); O'Donnell v. Sullivan, 364 F.2d 43, 44 (1st Cir. 1966).[2] Numerous courts have recognized, however, that particular circumstances may warrant a different conclusion and the application of an exception to that general principle:

> The various Circuit Courts have, however, identified certain circumstances under which the privilege protects even client identity and fee information. One court has categorized these overlapping "special-circumstance" exceptions as the legal advice exception, the last link exception, and the confidential communications exception. [In re Grand Jury Subpoenas (Anderson), 906 F.2d 1485, 1488 (10th Cir. 1990)]. The legal advice exception protects client identity and fee information when "there is a strong probability that disclosure would implicate the client in the very criminal activity for which legal

---

as to preserve the confidentiality of the allegedly privileged information.

[2] Furthermore, privilege does not ordinarily attach to communications made to counsel by a third-party rather than by his or her client. An exception to this rule exists for ministerial agents of the attorney whose assistance is essential in the ordinary performance of legal services or of the client who facilitate transmission of the communication. Federal Trade Commission v. TRW, Inc., 479 F.Supp. 160, 163 n.7 (D.C.D.C. 1979). The Court finds this exception applicable to the issuer of the cashier's check.

3

advice was sought." Id. The last link exception, as its name implies, prevents disclosure of client identity and fee information when it would incriminate the client by providing the last link in an existing chain of evidence. Id. at 1489. The confidential communications exception, which we have recognized on another occasion, protects client identity and fee information "if, by revealing the information, the attorney would necessarily disclose confidential communications." In re Grand Jury Proceedings, 85 Misc. 140, 791 F.2d 663, 665 (8th Cir. 1986)]; see Anderson, 906 F.2d at 1491.

Sindel, 53 F.3d at 876. In the instant case, upon careful consideration of the sealed affidavit, the Court finds that the redacted information constitutes a substantive communication that is inextricably linked to privileged communications of Abboud to his counsel, which in turn are central to one of the purposes for which Abboud consulted SRNM. Ralls, 52 F.3d at 225-26. The redacted information therefore falls under the ambit of Abboud's attorney-client privilege and is protected from disclosure in response to plaintiff's subpoena.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff Comcast of Illinois X, LLC for a Rule to Show Cause against the law firm of Schmiedeskamp, Robertson, Neu & Mitchell [Doc. #10], which is in the nature of a motion for a finding of contempt, is denied.

Dated this __23rd__ day of May, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE